IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFREDO BATRES,

    Plaintiff

v.

    CASE NO.: 99-2495
    Civ-T-17 A

TRANS CONTINENTAL CARGO, INC.
and DAILY EXPRESS INC.

    Defendant.
_____/

## COMPLAINT

The plaintiff, Alfredo Batres ("Batres"), sues the defendants Trans Continental Cargo, Inc. ("Trans Continental") and Daily Express, Inc. ("Daily Express) and alleges:

1. This is an action pursuant to 49 U.S.C. § 14706 regarding the liability of carriers under receipts and bills of lading. This statute is commonly referred to as the Carmack Amendment.

2. The matter in controversy exceeds $10,000.00 exclusive of interest and costs.

3. This court has jurisdiction pursuant to 28 U.S.C. § 1337(a).

4. The plaintiff, Batres, is a individual who resides in California.

5. The defendant, Trans Continental, is believed to be a Florida corporation with its principal place of business in Miami.

6. The defendant, Daily Express is believed to be a Pennsylvania corporation which conducts business in Florida.

7. Venue is appropriate in the Middle District of Florida pursuant to 49 U.S.C. 14706(d). As shown by the facts set forth below, the loss which gives rise to this lawsuit

occurred at Port Manatee in Manatee County, Florida, which is within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division. Most of the witnesses to this loss are located within the Middle District of Florida, Tampa Division and the Middle District of Florida, Tampa Division otherwise is the most convenient and logical place for the resolution of this dispute.

8. In October 1998, Batres contracted with Trans Continental for the transportation of a Link Belt HC-400 crane from Piscataway, New Jersey to Port Manatee, Florida. The crane had been leased for use in South America.

9. Trans Continental was liable for the safe and successful transportation of the crane from the point of pick up through delivery on the Wing Bridge at Port Manatee.

10. Trans Continental hired the firm of Despatch International, Co. ("Despatch") to perform the transportation.

11. Despatch subcontracted the transportation to Daily Express.

12. At the time Daily Express picked up the crane in Piscataway, New Jersey, the crane was in good, undamaged condition.

13. Daily Express delivered the crane to Port Manatee on or about October 15, 1998. At the time of delivery, the driver for Daily Express engaged in conduct which caused damage to the crane.

14. As a result of the conduct of the driver for Daily Express, the crane was damaged before the delivery anticipated by the contract between Batres and Trans Continental.

## COUNT I

15. Batres realleges the allegations in 1 through 14.

16. Pursuant to the facts incorporated into this count and the provisions of 49 U.S.C.

§14706, Trans Continental is responsible for the damage to the crane that occurred on or about October 15, 1998, including the diminished value of the crane and the profits lost to Batres due to his inability to perform in accordance with the lease of the crane.

17. All conditions precedent to the maintenance of this claim have occurred or have been waived.

**WHEREFORE**, for the reasons set forth above, Plaintiff requests damages from Trans Continental in excess of $10,000.00, together with all interest, costs, and fees allowable by law or the contracts between the parties.

## COUNT II

18. Batres realleges the allegations in 1 through 14.

19. Daily Express caused the damage to the crane. Pursuant to the facts incorporated into this count and the provisions of 49 U.S.C. §14706, Daily Express is responsible for the damage to the crane that occurred on or about October 15, 1998, including the diminished value of the crane and the profits lost to Batres due to his inability to perform in accordance with the lease of the crane.

20. All conditions precedent to the maintenance of this claim have occurred or have been waived.

**WHEREFORE**, for the reasons set forth above, Plaintiff requests damages from Daily Express in excess of $10,000.00, together with all interest, costs, and fees allowable by law or the contracts between the parties.

Respectfully submitted,

BRADLEY M. BOLE
Florida Bar No. 371009

Law Office of Brad Bole
100 S. Ashley Dr., Suite 1180
Tampa, FL 33602
Telephone (813) 221-9515
Facsimile (813) 229-1094